UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIE N. MOSES,

                              Plaintiff,

                                                               9:13-CV-01418
v.                                                         (GTS/TWD)

SERGEANT CUDA, JOHN DOE 1,
JOHN DOE 2,

                              Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

WILLIE N. MOSES, 12-A-2158
*Plaintiff, pro se*
Bare Hill Correctional Facility
Caller Box 20
181 Branch Road
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN                HEATHER R. RUBENSTEIN, ESQ.
Attorney General for the State of New York     Assistant Attorney General
*Counsel for Defendants*
Syracuse Regional Office
615 Erie Boulevard West, Suite 102
Syracuse, NY 13204-2465

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## **REPORT-RECOMMENDATION**

       This pro se prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Glenn T. Suddaby, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiff Willie N. Moses alleges that corrections officers used excessive force against him in violation of his civil rights. (Dkt. No. 1.) Currently pending before the Court is Defendants' motion to

dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 25.) For the reasons that follow, I recommend that Defendants' motion be granted in part and denied in part.

I.      BACKGROUND

The following facts are derived from the face of the operative complaint and are accepted as true for the purposes of deciding the pending motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

At the time of the alleged incident, Plaintiff was an inmate at Mid-State Correctional Facility in Marcy, New York. (Dkt. No. 1 at 2.[1]) On May 30, 2013, Plaintiff was walking in the prison yard when Defendant Sergeant Cuda asked him a question. *Id.* Plaintiff spit out his chewing tobacco to answer the sergeant's question, at which point "several C.O." tackled Plaintiff, choked him, twisted his left arm, and hit him in the shoulder. *Id.* Plaintiff alleges that "the Sgt. and CO's assaulted me." *Id.* at 6. Defendants took Plaintiff in a van to a "cage," where Defendant Cuda rattled the cage and said that Plaintiff had made him look stupid in front of his coworkers. *Id.* at 3-4. Defendant also directed racial slurs at Plaintiff and accused him of being in a gang. *Id.* at 4. Plaintiff denied Defendant's accusations. *Id.* Then a different officer took Plaintiff to another room, where Plaintiff was strip-searched for drugs and physically assaulted again. *Id.* at 4-5. Plaintiff repeatedly denied having drugs or ever being involved in gang activity. *Id.* at 5. Plaintiff asked Defendant Cuda for protective custody, which was denied. *Id.* at 6.

---

[1] Page references to documents identified by docket number are to the page number assigned by the Court's CM/ECF electronic docketing system.

After this incident, Plaintiff received no medical attention for nearly two months. *Id.* at 5. He claims that he was called a "snitch" by correctional officers and that they let inmates threaten his life. *Id.* at 6. Plaintiff was transferred to Bare Hill Correctional Facility on August 1, 2013, where he sought treatment for a shoulder injury sustained during the alleged incident. *Id.*

Plaintiff filed this lawsuit on November 14, 2013, seeking monetary damages of $5 million. *Id.* at 8. Plaintiff named the State of New York, Sergeant Cuda, and two Does as Defendants. *Id.* at 1. The Court's initial *sua sponte* review of the complaint found four claims: (1) an Eighth Amendment excessive force claim against Defendants Cuda, John Doe 1, and John Doe 2; (2) denial of access to grievance procedures; (3) a First Amendment denial-of-access-to-courts claim; and (4) an Eighth Amendment failure to protect claim against Defendant Cuda. (Dkt. No. 19 at 7-8.) Claims against the State of New York were dismissed with prejudice. *Id.* at 8. In addition, claims two, three, and four were dismissed by the Court for failure to state a claim. *Id.* at 16. The Court ordered Defendant Cuda to respond to the excessive force claim and granted time for Plaintiff to amend the complaint to identify the Doe Defendants. *Id.*

Defendant Cuda now moves to dismiss the complaint. (Dkt. No. 25.) Plaintiff's deadline to oppose Defendant's motion was March 2, 2015. (Dkt. No. 31.) Plaintiff has not opposed the motion, despite being granted two extensions of time in which to do so. (Dkt. Nos. 29, 31.) Plaintiff has not identified the Does named in the complaint and has not communicated with the Court since January 14, 2015. (Dkt. No. 30.)

## II. LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

A defendant may move to dismiss a complaint on the ground that the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## III. ANALYSIS

Defendant Cuda moves to dismiss on two separate grounds. First, Defendant moves to dismiss due to lack of personal involvement in the alleged civil rights violation. (Dkt. No. 25-1 at 5.) Second, Defendant Cuda moves to dismiss because the allegations against him fail to rise to a federal claim against him. *Id.* at. 6.

### A. Personal Involvement

Defendant Cuda argues that the complaint fails to allege sufficient facts to support his personal involvement. (Dkt. No. 25-1 at 5.) Defendant is incorrect.

Under Second Circuit precedent, "'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). In order to prevail on a § 1983 cause of action against an individual, a plaintiff must show some "tangible connection" between the unlawful conduct and the defendant. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

Here, the complaint, broadly construed, plausibly suggests that Defendant Cuda was directly involved in the altercation. Defendant Cuda asked the initial question to begin the interaction. (Dkt. No. 1 at 2.) Plaintiff was attempting to answer Defendant Cuda's question when "several C.O." tackled him. *Id.* Plaintiff alleges that "the Sgt. and CO's assaulted me." *Id.* at 6. This language, broadly construed, could indicate that Defendant Cuda used force on Plaintiff. Later, Defendant Cuda "came in with a stick hitting the cage," told Plaintiff that he had made the sergeant "look stupid" in front of coworkers, and verbally accused Plaintiff of being a gang member. (Dkt. No. 1 at 4.) Taking the facts alleged as true and broadly construing them in

Plaintiff's favor, which must be done for a motion to dismiss, Defendant Cuda was present at the scene of the initial encounter, used force on Plaintiff, and was involved in some verbal interaction with Plaintiff. *Id.* at 2-4. Therefore, the complaint plausibly suggests that Defendant Cuda was directly involved in the incident.

B. **Failure to State a Federal Claim**

Defendant Cuda argues that the claim against him should be dismissed because mere verbal harassment does not violate the Eighth Amendment. (Dkt. No. 25-1 at 6.) Defendant is correct, but he has not fully addressed the claims against him.

The complaint alleges that Defendant Cuda directed racial slurs at Plaintiff, accused him of being in a gang, and said that Plaintiff made him look stupid in front of his coworkers (Dkt. No. 1 at 3-4.) Defendant argues that this claim should be dismissed because it fails to state an Eighth Amendment claim. (Dkt. No. 25-1 at 6.) Defendant is correct.

Verbal harassment, in and of itself, does not rise to the level of a constitutional violation. *Tafari v. McCarthy*, 714 F. Supp. 2d 317, 364 (N.D.N.Y. 2010); *Ramirez v. Holmes*, 921 F. Supp. 204, 210 (S.D.N.Y. 1996) ("Allegations of threats or verbal harassment, without any injury or damage, do not state a claim under 42 U.S.C. § 1983."). Therefore, to the extent that the complaint alleges that Defendant Cuda violated the Eighth Amendment by verbally harassing Plaintiff, that claim should be dismissed.

Where a pro se complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). However, an opportunity to amend is

not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id.* at 112. Here, the verbal harassment claim could not be cured through better pleading. Therefore, it is recommended that this claim be dismissed without leave to amend.

This recommendation, however, does not fully dispose of the Eighth Amendment allegations against Defendant Cuda. As discussed in this Court's initial order, the complaint, broadly construed in favor of Plaintiff, alleges that Defendant Cuda used force on Plaintiff. (Dkt. No. 19 at 7, 9-10.) Specifically, Plaintiff's allegation that "the Sgt. and CO's assaulted me" plausibly suggests that Defendant Cuda attacked him. (Dkt. No. 1 at 6.) The Court directed Defendant Cuda to file a response to Plaintiff's "Eighth Amendment excessive force claim" against him. (Dkt. No. 19 at 16.) Defendant Cuda did not respond to that claim. Therefore, the Court cannot dismiss the complaint in its entirety. It is thus recommended that Defendant Cuda be directed, again, to respond to the Eighth Amendment excessive force claim against him.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 25) be **GRANTED IN PART AND DENIED IN PART**. It is recommended that any claim of verbal harassment against Defendant Cuda be dismissed without leave to amend and that Defendant Cuda be directed to respond to the Eighth Amendment excessive force claim against him.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL**

**PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).


Dated: July 2, 2015
      Syracuse, New York

*[signature]*
Thérèse Wiley Dancks
United States Magistrate Judge