UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIE N. MOSES,

                      Plaintiff,

v.

SERGEANT CUDA, Mid-State Corr. Facility;
JOHN DOE 1, Corr. Officer, Mid-State Corr.
Facility; and JOHN DOE 2, Corr. Officer,
Mid-State Corr. Facility,

                      Defendants.
_____

9:13-CV-1418
(GTS/ATB)

APPEARANCES:

WILLIE N. MOSES, 12-A-2158
  Plaintiff, *Pro Se*
Bare Hill Correctional Facility
181 Branch Road
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN
Attorney General for the State of New York
  Counsel for Defendants
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204

OF COUNSEL:

HEATHER R. RUBENSTEIN, ESQ.
    Assistant Attorney General

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Willie N. Moses ("Plaintiff") against the three above-captioned correctional employees at Mid-State Correctional Facility in Marcy, New York ("Defendants"), are (1) Defendant Cuda's motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, and (2) United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Defendant Cuda's motion be granted in part and

denied in part. (Dkt. Nos. 25, 32.) Plaintiff has not filed an Objection to the Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.) For the reasons set forth below, Magistrate Judge Dancks' Report-Recommendation is accepted and adopted in its entirety, and Defendant Cuda's motion to dismiss is granted in part and denied in part.

Generally, in her Report-Recommendation, Magistrate Judge Dancks determined that, while Plaintiff's claim that Defendant Cuda used excessive force against him in violation of the Eighth Amendment is sufficient (because it, *inter alia*, alleges facts plausibly suggesting Defendant Cuda's personal involvement in that alleged use of excessive force), his claim that Defendant Cuda verbally harassed him in violation of the Eighth Amendment should be dismissed as not actionable. (Dkt. No. 32, at Part III.)

When, as here, *no* objection is made to a report-recommendation, the Court subjects that report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*: *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1. (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Based upon a careful review of this matter, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.

2

As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. (Dkt. No. 32.) To those reasons the Court would add only two points.

First, Magistrate Judge Dancks' acceptance of Defendant Cuda's legal argument regarding Plaintiff's verbal harassment claim is further supported by Plaintiff's failure to oppose that legal argument, which failure the Court deems to be *willful* for purposes of Fed. R. Civ. P. 83(a)(2) (in that Plaintiff received a copy of the Court's Local Rule of Practice 7.1[b][3], a copy the Court's *Pro Se* Handbook, and an extension of the response deadline), and which failure lightened Defendant Cuda's burden on his legal argument.

Second, although Defendant Cuda does not have standing to move for the dismissal of Plaintiff's claims against the two John Doe Defendants, the Court may, and indeed must, *sua sponte* review the pleading sufficiency of Plaintiff's verbal harassment claim against those two John Doe Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Having done so, the Court finds that claim fatally deficient for the same reason that Plaintiff's verbal harassment claim against Defendant Cuda is fatally deficient. As a result, the Court *sua sponte* dismisses that claim.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 32) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant Cuda's motion to dismiss for failure to state a claim upon which relief is granted (Dkt. No. 25) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Plaintiff's Eight Amendment verbal harassment claim against all Defendants is **DISMISSED**; and it is further

**ORDERED** that Plaintiff's Eighth Amendment excessive force claim against all Defendants **SURVIVES** Defendant Cuda's motion to dismiss for failure to state a claim.

Plaintiff is reminded that he must take reasonable steps through discovery to name and serve the John Doe Defendants, or his claims against them will be DISMISSED for failure to prosecute and/or failure to comply with an Order of the Court, pursuant to Fed. R. Civ. P. 41(b).

Dated: September 10, 2015
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge